UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | Case No.: 20-CV-42 JLS (BGS) <br><br> **ORDER DENYING MOTION TO PROCEED IFP** <br><br> (ECF No. 3) |

Plaintiff Debra L. has filed a Complaint seeking judicial review of the Social Security Administration's denial of Plaintiff's disability claim (ECF No. 1) and a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 3). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed IFP with leave to pay the filing fee.

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty

'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984)

Here, the IFP application indicates the total amount that Plaintiff "expect[s] [she] will continue to receive each month" is $5,876.93. (Mot. at 3.) She indicates she has $1,437.19 in checking accounts. (*Id.* at 4.) And, the total of her monthly debts and obligations is between $5,051.94 and $5,251.94.[1] (*Id.* at 8–9.) The amount of money Plaintiff indicates she expects to continue to receive on a monthly basis exceeds her monthly debts and obligations by more than $600 to $800. Additionally, among Plaintiff's monthly debts and obligations is $400 for recreation.

Based on this information, the Court finds Plaintiff has not shown she cannot pay the court costs and still afford the necessities of life. The amount of money Plaintiff indicates she expects to receive on a monthly basis exceeds her expected monthly debts and obligations by enough that she could pay the one-time filing fee without impacting her regular expenses. Additionally, her debts and obligations include at least one item that is not a necessity of life and could be foregone or reduced to pay the filing fee.

///

///

///

---

[1] The Court list's Plaintiff's financial obligations as a range because it is not clear if Plaintiff's obligations under Question No. 9 includes the $200 per month she contributes to supporting her son, listed under Question No. 8, or if this is an additional obligation.

# CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 3) is **DENIED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** <u>thirty (30) days</u> from the date on which this Order is electronically docketed to pay the entire $400 statutory and administrative filing fee.

**IT IS SO ORDERED.**